## SUPREME COURT.

### WHITE AND OTHERS agt. FEATHERSTONHAUGH.

An application to set aside an attachment as improvidently issued, must be founded and depend upon the affidavits upon which the original application was made. Countervailing affidavits can not be used (*Conklin agt. Dutcher*, 5 *Howard*, 386).

Where notice of appearance is served after the time for answering has expired, the plaintiff is not bound to delay entering his judgment for the purpose of giving notice of assessment.

*Albany Special Term, December* 1851. *Motion to set aside attachment and other proceedings.* The action was commenced by the personal service of a summons and complaint, on the 25th day of July 1851. On the 4th of August following, upon an affidavit of one of the plaintiffs, stating that the defendant was not a resident of this state, an attachment was obtained against the defendant's property. On the 11th of September, the defendant's attorneys served on the plaintiffs' attorneys a notice of appearance and demanded a copy of the complaint. On the same day, after the service of such notice, the plaintiffs' attorney perfected his judgment. The defendant moved to set aside the attachment upon affidavits showing, or tending to show, that at the time it was issued he was in fact a resident of this state. He also moved upon separate papers, and a separate notice to set aside the judgment for irregularity, and also upon an affidavit of merits.

J. M. SETTLE, *for Plaintiffs.*

W. L. LEARNED, *for Defendant.*

HARRIS, Justice.—It is not denied that the affidavit upon which the warrant of attachment was allowed, was sufficient to authorize its allowance. The defendant's counsel relies upon countervailing affidavits, on the part of the defendant. showing, as he insists, that the warrant ought not to have been issued. Morgan vs. Avery (7 *Barb.* 656), is referred to as an authority sus-

taining such practice.  But that case has been overruled by this court in general term, in the sixth district (see Conklin agt. Dutcher, 5 *Howard,* 386).  It was there held in a well considered opinion, that in case an attachment has been improvidently granted, it can only be avoided. by an application to the judge who granted it, to vacate his own order, or, upon appeal to a general term from such order, and that in either case, the application must depend upon the affidavits upon which the original application was founded.  This is, undoubtedly, the true rule to be adopted in such cases.  It is therefore unnecessary to inquire whether the defendant has made, by his affidavits, such a case as would show that the attachment was improperly granted. It is enough for the purposes of this motion, that the judge had before him an affidavit sufficient to give him jurisdiction of the proceeding.  The motion to set aside the attachment must, therefore, be denied with costs.

It is insisted that notice of appearance having been served before judgment was perfected, the defendant was entitled to notice of assessment and that the judgment was irregularly entered without such notice.  It is true that the Code, in general terms, declares that " in case the defendant give notice of appearance in the action, he shall be entitled to five days notice of the time and place of assessment."  The same provision, substantially, existed before the adoption of the Code (see 2 *R. S.* 357, § 4).  And yet, under the former practice, it was well settled that where notice of retainer was not served until after default, it might be disregarded (see Lynds vs. West, 12 *Wend.* 235; see also *Monell's Pr.* 121).  I think the plaintiff is not bound, when notice of appearance is served after the time for answering has expired, to delay entering his judgment for the purpose of giving notice of assessment.

The defendant has made an affidavit of merits in the usual form, and states, in particular, that the plaintiffs should have credited $60 upon their account.  The affidavit of the plaintiffs' attorney shows that when the suit was commenced, the defendant examined the plaintiffs' account and admitted its correctness, and stated that it ought to have been paid before.  There is no excuse for his omission to answer, nor is it pretended that the

defendant ever intended to interpose a defence. Under these circumstances I am satisfied that no injustice will be done by allowing the judgment to stand. This motion, too, is therefore denied with costs.